# United States District Court
## for the
## Southern District of Indiana

| | | |
|---|---|---|
| MACHINE TOOL SERVICES, INC., an Indiana Corporation; CITIZENS INSURANCE CO. OF AMERICA, a Michigan Corporation, AMERICAN STATES INSURANCE CO., an Indiana Corporation; INDIANA INSURANCE CO., a Massachusetts Corporation; and, NORTH RIVER INSURANCE COMPANY, a New Jersey Corporation, | ) ) ) ) ) ) ) ) ) | |
| *Plaintiffs* | ) ) ) | |
| v. | ) ) | Case No. |
| SINCLAIR OIL CORPORATION D/B/A SINCLAIR OIL COMPANIES, a Wyoming Corporation; SINCLAIR OIL CORPORATION D/B/A SINCLAIR OIL COMPANIES, a Delaware Corporation; SINCLAIR OIL & GAS COMPANY, a Wyoming Corporation; SINCLAIR WYOMING REFINING COMPANY, a Wyoming Corporation; SINCLAIR REFINING COMPANY, A Maine Corporation; ATLANTIC RICHFIELD COMPANY, A/K/A ARCO, a Delaware Corporation; BP CORPORATION NORTH AMERICA, INC., a Texas Corporation; BP COMPANY NORTH AMERICA, INC., a Delaware Corporation; BP AMERICA, INC., a Delaware Corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland Corporation; BP AMERICA PRODUCTION COMPANY, a Delaware Corporation; BRITISH PETROLEUM CO., PLC, a U.K. public liability company; MARATHON PETROLEUM CORPORATION, a Delaware Corporation; MARATHON OIL CORPORATION, an Ohio Corporation; and, JOHN DOE CORPORATIONS 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## **COMPLAINT**

Plaintiffs, Machine Tool Services, Inc. ("MTS"), Citizens Insurance Company of America, American States Insurance Company, Indiana Insurance Company, and North River Insurance Company (collectively, the "Insurer Plaintiffs")[1] file this Complaint for Damages against Defendants, Sinclair Oil Corporation d/b/a Sinclair Oil Companies (Wyoming), Sinclair Oil Corporation d/b/a Sinclair Oil Companies (Delaware), Sinclair Oil & Gas Company, Sinclair Wyoming Refining Company, Sinclair Refining Company (together, "Sinclair Defendant"), Atlantic Richfield Company, a/k/a ARCO, BP Corporation North America, Inc., BP Company North America, Inc., BP America, Inc., BP Products North America, Inc., BP America Production Co., British Petoleum Company, plc, (together, "BP Defendants"), Marathon Petroleum Corporation, Marathon Oil Corporation (together, "Marathon Defendants"), and John Doe Corporations 1-5 (together, "Defendants"), and state as follows:

## NATURE OF THE CASE

1. This action relates to an approximately 9-acre commercial/industrial property located in Terre Haute, Vigo County, Indiana ("Property"). Historical investigations of the Property identified various hazardous substances, including polycyclic aromatic hydrocarbons, volatile organic compounds, polychlorinated biphenyls, and pesticides associated with historic operations. Since February 25, 2019, MTS has been a party to an Administrative Settlement Agreement and Order on Consent ("AOC") between it, other potentially responsible parties, and the United States Environmental Protection Agency ("EPA").

2. MTS and the Plaintiff Insurers have incurred costs in connection with performing reasonable and necessary environmental response action at the Property and will continue to incur additional costs in the future to properly investigate and remediate the Property until they achieve

---

[1] MTS and Insurer Plaintiffs are also collectively referred to as "Plaintiffs".

2

regulatory closure in compliance with the National Contingency Plan, CERCLA, 42 U.S.C. § 9605.

3. This is a civil action pursuant to Sections 113 and 112 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9613(f) and 9612(c)(2), and Indiana Code § 13-30-9 *et seq.* for the recovery from the Defendants of environmental response costs that Plaintiffs have incurred to date and will incur in the future due releases and threatened releases of hazardous substances at the Property.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 9613(b), providing jurisdiction over controversies arising under CERCLA; 28 U.S.C. § 1331, providing jurisdiction over federal questions; and 29 U.S.C. §§ 2201-2202 and 42 U.S.C. § 9613(g)(2), providing jurisdiction over declaratory judgment actions.

5. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.SC. § 1391(b) because the Facility (i.e., the Property) where the releases and threatened releases of hazardous substances have occurred are located within the territorial limits of this District and the damages giving rise to these claims occurred in this District.

6. Pursuant to 42 U.S.C. § 9613(l), copies of this Complaint will be provided to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency.

7. Pursuant to 28 U.S.C § 1367, this Court has supplemental jurisdiction over Plaintiffs' Indiana Environmental Legal Action claim under IC § 13-30-9 *et seq.* because these claims are so related to the CERCLA claims in this action which are within this Court's original

3

jurisdiction that they form the same case or controversy under Article III of the United States Constitution.

## PARTIES

8. MTS is a corporation that was incorporated and exists under Indiana law. MTS' principal office is located in Terre Haute, Vigo County, Indiana.

9. Citizens Insurance Company of America is a Michigan corporation with its principal office located in Howell, Michigan.

10. American States Insurance Company is an Indiana corporation with its principal office located in Indianapolis, Indiana.

11. Indiana Insurance Company is a Massachusetts corporation with its principal office located in Boston, Massachusetts.

12. North River Insurance Company is a New Jersey corporation with its principal office located in Morristown, New Jersey.

13. Sinclair Oil Corporation (Wyoming) is an active Wyoming corporation with its principal office located in Salt Lake City, Utah.

14. Sinclair Oil Corporation (Delaware) is an active Delaware corporation with its principal office located in Wilmington, Delware.

15. Sinclair Oil & Gas Company is an active Wyoming corporation with its principal office located in Salt Lake City, Utah.

16. Sinclair Wyoming Refining Company is an active Wyoming corporation with its principal office located in Sinclair, Wyoming.

17. Sinclair Refining Company is a merged Maine corporation with no known current principal office. Upon information and belief, Sinclair Refining Company was merged into on of the two Sinclair Oil Corporations named herein.

18. BP Corporation North America, Inc. is an active Texas corporation with its principal office located in Houston, Texas, and is the successor to Amoco Corporation.

19. BP Company North America, Inc. is an active Delaware corporation with its principal office located in Chicago Illinois.

20. BP America, Inc. is an active Delaware corporation with its principal office located in Chicago, Illinois.

21. BP Products North America, Inc. is an active Maryland corporation with its principal office located in Chicago, Illinois.

22. BP America Production Company is an active Delaware corporation with its principal office located in Houston, Texas.

23. The British Petroleum Company, plc is an active multinational oil and gas company with its principal office located in London, England.

24. Upon information and belief, Atlantic Richfield Company / ARCO was a Delaware corporation with its principal office located in Los Angeles, California. On information and belief, it is a merged entity that was merged into a British Petroleum entity in approximately 2000.

25. Marathon Petroleum Corporation is a Delaware corporation with its principal office located in Findlay, Ohio.

26. Marathon Oil Corporation is an active Ohio corporation with its principal office located in Houston, Texas.

27. The identities of John Doe Corporations 1-5 are currently unknown to Plaintiffs due to the existence of multiple corporate transactions involving the named defendants over many decades. On information and belief, the Plaintiffs allege that John Doe Corporations 1-5 are liable to Plaintiffs to the same extent and in the same manner as the other named defendants. The presence of John Doe Corporations does not upset this Court's exercise of subject matter jurisdiction, which is based on the presentation of a federal question.

## ADDITIONAL FACTUAL ALLEGATIONS

28. Plaintiffs incorporate the allegations of the preceding paragraphs as though fully restated herein.

29. The Property is divided into quadrants that are associated with historic ownership and uses. The southeast quadrant ("Sinclair Quadrant") was formerly owned and operated by Sinclair Refining Company. The Sinclair Quadrant was used primarily for bulk storage of petroleum and solvent products during Sinclair Refining Company's period of ownership/operation, during which time releases and discharges of hazardous substances and petroleum products occurred.

30. Investigation of the Sinclair Quadrant has been demanded and overseen by EPA by virtue of the AOC. MTS and other potentially responsible parties are currently undertaking efforts to develop remedial design, investigation, and feasibility, which is intended to result in the selection and implementation of an appropriate remedial option to bring the Property to regulatory closure. These and other efforts have caused, and will continue to cause, MTS and the Insurer Plaintiffs to incur substantial environmental response costs.

31. On information and belief, the Sinclair Refining Company was consolidated with other Sinclair entities to form Sinclair Oil Corporation in the late 1960s. From there, it is believed

that Sinclair Oil Corporation was merged into Atlantic Richfield Company, Inc. / ARCO, which later transferred certain assets and liabilities to a newly-established Wyoming-based Sinclair Oil Corporation. Some assets were also transferred to ARCO's successors, namely BP and Marathon. A dispute exists as to which Defendants ultimately assumed Sinclair Refining Company's environmental liabilities.

## CLAIMS FOR RELIEF

### COUNT I: CERCLA §§ 9613(f) and 9612(c)(2)

32. Plaintiffs incorporate by reference the allegations of the preceding paragraphs of the Complaint as though fully restated herein.

33. The Property is a "facility" within the meaning of 42 U.S.C. § 9601(9).

34. There has been a "release" or "threatened release" of hazardous substances at the Property within the meaning of 42 U.S.C. § 9601(22) and 9607(a).

35. The contaminants released at the Property are "hazardous substances" as defined by 42 U.S.C. § 9601(14).

36. Releases of hazardous substances at the Property occurred throughout Defendants' ownership, operation, and occupancy of the Property.

37. Defendants are "covered persons" under 42 U.S.C. § 9607(a) and responsible parties as : (1) the owners and/or operators of the facility under 42 U.S.C. § 9607(a)(1); (2) the owners and/or operators of the facility at the time of disposal of hazardous substances under 42 U.S.C. § 9607(a)(2); or, (3) as persons who by contract, agreement, or otherwise arranged for the dipsoal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any

7

facility or incarnation vessel owned or operated by another party or entity and containing such hazardous substances under 42 U.S.C. § 9607(a)(3).

38. Plaintiffs have incurred and will continue to incur environmental response costs as a result of the contamination at and around the Property. Under 42 U.S.C. § 9613 (f), Plaintiffs are entitled to contribution from Defendants for response costs incurred in connection with contamination present on and around the Property. Under 42 U.S.C. § 9612(c), the Insurer Plaintiffs have paid compensation to cover environmental response costs incurred by the Plaintiffs resulting from the release of hazardous substances at the Property. They assert a claim under 42 U.S.C. § 9612(c) against Defendants in accordance with their entitlement to assert all rights, claims, and causes of action for damages and costs against Defendants.

**COUNT II:  CERCLA DECLARATORY JUDGMENT UNDER SECTION 113(g)(2)**

39. Plaintiffs incorporate by reference the allegations of the preceding paragraphs of the Complaint as though fully restated herein.

40. An actual controversy exists within the meaning of 28 U.S.C. § 2201 and 42 U.S.C. 9613(g)(2) between Plaintiffs and Defendants with respect to their respective rights and responsibilities for the response costs incurred and to be incurred with respect to the contamination present on and around the Property.

41. Plaintiffs are entitled to declaratory judgment on liability for response costs that is binding in any subsequent actions to recover further response costs and declares Defendants liable for environmental response costs that Plaintiffs have incurred and will incur in connection with the contamination existing on and around the Property, pursuant to 42 U.S.C. 9613(g)(2) and 28 U.S.C. § 2201-2202.

## COUNT III: INDIANA ENVIRONMENTAL LEGAL ACTION

42.   Plaintiffs incorporate by reference the allegations of the preceding paragraphs of the Complaint as though fully restated herein.

43.   Plaintiffs and Defendants come within the definition of a "person" within the meaning of I.C. § 13-30-9-2.

44.   Defendants caused and/or contributed to the release of hazardous substances into the subsurface soil and groundwater at the Property. Defendants are liable for such release(s).

45.   The hazardous substances released by the Defendants at the Property into the soil and groundwater pose a risk to human health and the environmental.

46.   Plaintiffs have incurred and will continue to incur attorneys' fees and costs of removal or remedial action in connection with Defendants' release(s) of hazardous substances at and around the Property.

47.   Defendants are liable to Plaintiffs for all reasonable costs and fees incurred by Plaintiffs and costs that will be incurred in the future for environmental assessment, removal, and remedial action resulting from hazardous substance releases at the Property.

**WHEREFORE, Plaintiffs** request that the Court:

a. Enter a judgment against Defendants for all response costs incurred in connection with releases of hazardous substances on and around the Property, and for future response costs that Plaintiffs will incur in connection with the release of hazardous substances on and around the Property;

b. Enter a declaratory judgment against Defendants that Defendants are obligated to pay all costs, damages, fees, and other expenses incurred and to be incurred by Plaintiffs in connection with the environmental contamination on and around the Property;

c. Award Plaintiffs pre- and post-judgment interest, costs, expenses, and attorneys' fees; and,

d. Award Plaintiffs all further relief that is just and proper.

                Respectfully submitted,

*/s/ Marc A. Menkveld*
Marc A. Menkveld, #29381-32
MENKVELD LAW & MEDIATION LLC
90 E. Cedar Street
Zionsville, IN 46077
Phone: (317) 564-9998
Facsimile (317) 873-4561
Email: Marc@menkveldlaw.com
*Attorney for Machine Tool Services, Inc., Citizens Insurance Company of America, American States Insurance Company, Indiana Insurance Company*

*/s/ David A. Temple*
David A. Temple (#1819349)
Erik S. Mroz (#29785-49)
DREWRY SIMMONS VORNEHM, LLP
736 Hanover Place, Suite 200
Carmel, IN 46032
Phone: (317) 580-4848
Facsimile: (317) 580-4855
Email: dtemple@dsvlaw.com
       emroz@dsvlaw.com
*Attorneys for North River Insurance Co.*